UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARY DECKROSH,

        Plaintiff,

  v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

Case No. 17-cv-889-pp

---

**ORDER DENYING AS PROCEDURALLY IMPROPER DEFENDANT'S MOTION FOR REMAND (DKT. NO. 13), REVERSING COMMISSIONER'S DECISION AND REMANDING FOR REHEARING AND *DE NOVO* DECISION**

---

      This Social Security appeal is in an unusual procedural posture.

      The plaintiff applied for benefits in 2011, and when her application was denied, she had a hearing before an ALJ in November 2013. Dkt. No. 14 at 1. She didn't have a lawyer representing her at that hearing. Id. The ALJ issued an unfavorable decision, the Appeals Council denied review and the plaintiff obtained a lawyer and appealed to the district court. Id. The case was assigned to Magistrate Judge William E. Duffin, who issued an extensive decision remanding to the ALJ for further proceedings. Id. at 2; Deckrosh v. Colvin, Case No. 15-cv-56-WED, Dkt. No. 20 (E.D. Wis. Jan. 6, 2016). On remand, a different ALJ held a hearing and again denied benefits. Dkt. No. 14 at 2. The Appeals Council denied review and the plaintiff appealed. Id.

      After the plaintiff filed her complaint in this case, but before the plaintiff had filed her brief, the Commissioner filed his own motion to remand. Dkt. No.

1

13. The Commissioner agree that remand was warranted but explained that the plaintiff had indicated that she would oppose any remand that did not require the Commissioner to participate in a hearing before an administrative law judge. Id. at 1. The Commissioner explained why he did not believe a hearing was warranted or required. Id. at 1-4. He provided the court with a proposed order of remand, which reads as follows:

> Pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act, the Commissioner's decision is reversed and remanded for further proceedings and judgment is entered in favor of Plaintiff. Upon remand, the Appeals Council will instruct the Administrative Law Judge to reconsider the medical opinions, particularly the opinions of the State agency medical consultants; reconsider Plaintiff's mental residual functional capacity; if necessary, obtain supplemental evidence from a medical expert and vocational expert; and issue a de novo decision for the period at issue consistent with all applicable Rulings and Regulations.

Dkt. No. 13-1.

The plaintiff objected to the motion. Dkt. No. 14. The plaintiff argued that the defendant's motion is procedurally improper, citing Magistrate Judge Duffin's decision in DeHart v. Colvin, Case No. 15-cv-322, Dkt. No. 28 (E.D. Wis. Jan. 27, 2016) and Judge Adelman's decision in Lentz v. Berryhill, Case No. 16-cv-1450, Dkt. No. 31 (E.D. Wis. Nov. 1, 2017). Id. at 2-3. The plaintiff explained that the parties had negotiated and the plaintiff had issued a settlement offer, but that the parties were unable to agree. Id. at 4. Accordingly, the plaintiff argued, under Fed. R. Civ. P. 68(b), because the Commissioner had not accepted the plaintiff's offer, it was withdrawn. Id. at 3 (citing Rule 68(b), which says that an "unaccepted offer is considered withdrawn, but it does not preclude a later offer").

2

The plaintiff argued that the Commissioner's proposed order of remand was different than what the plaintiff had proposed as a settlement offer. Id. at 4. The plaintiff indicated that she had offered the following:

> This case will be remanded to an Administrative Law Judge (ALJ) who will offer the Plaintiff a new hearing, further develop the record, and issue a de novo decision. The ALJ will comply with the order of the District court in *Dekrosh v. Colvin*, 15-cv-56-WED (E.D. Wis., Jan 6, 2016). The ALJ will reevaluate the medical and psychological opinions of record. The ALJ will evaluate the limiting effects of Plaintiff's symptoms following the Commissioner's standards including SSR 16-3p. If the case proceeds past step three of the sequential evaluation, the ALJ will reassess the residual functional capacity and obtain supplemental vocational expert testimony to clarify the effect of the reassessed limitations on Plaintiff's occupational base. On remand, the ALJ shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit precedent.

Id. The plaintiff says that in subsequent negotiations, she amended this offer to say that "it would be acceptable to Plaintiff to allow the ALJ upon remand to review the case first to see if a fully-favorable decision is warranted based upon the current record. Only if the ALJ decides that a fully-favorable decision is not warranted, Plaintiff would be afforded the opportunity for a hearing." Id. at 5.

The plaintiff asked this court to remand with specific instructions to the ALJ. First, she asks the court to require the ALJ to issue an order that complies with Judge Duffin's decision in Dekrosh v. Colvin. Id. at 5. She says the second ALJ did not do that—did not even make mention of Judge Duffin's detailed order, which provided instructions on questions the ALJ should pose to the vocational expert and evaluation of the plaintiff's symptoms. Id. at 5-6.

Second, she asks that the remand order require the Commissioner to re-evaluate the plaintiff's symptoms using the correct legal standards and

3

weigh[ing] all relevant facts." Id. at 6. She points to an extended quote from Judge Duffin's decision, in which he criticized the first ALJ's use of meaningless boilerplate language and the fact that the ALJ based part of her decision on the plaintiff's lack of treatment without asking *why* the plaintiff hadn't sought treatment. Id. The plaintiff says that the remand order the defendant proposes isn't sufficient, because it doesn't instruct the next ALJ to do what Judge Duffin said to do. Id. at 6-7.

Third, the plaintiff asks the court to require the ALJ to hold a hearing, or in the alternative, to require the ALJ to hold a hearing if the Appeals Council does not grant benefits. Id. at 9. The plaintiff notes that her date last insured—March 31, 2001—was before the hearing and decision by the ALJ. Id. at 8-9. She concedes that the Social Security Administration's Hearings, Appeals, and Litigation Law Manual (the HALLEX, for short) says that rehearing upon remand is *optional* under these circumstances, but notes that the HALLEX is not binding on the court. Id. She argues that the court has the authority to require the ALJ to conduct a rehearing. Id. at 8. In the alternative, she asks the court to do what Judge Conley did in Evilsizor v. Berryhill, Case No. 14-cv-771, 2017 WL 1401339 (W.D. Wis. Apr. 19, 2017), and remand to the Commissioner to conduct a review of the issues the plaintiff raises, and if the Commissioner concludes after that review that the plaintiff is not disabled, require the ALJ to hold a rehearing. Id. at 11-12.

The court held a hearing on April 16, 2020. Dkt. Nos. 16, 17. At the hearing, counsel for the Commissioner explained that under SSA policy, the

4

Commissioner could not make a settlement offer that included a rehearing, citing the HALLEX. (HALLEX II-5-1-3 interprets the Social Security regulations to require a hearing on remand "except for Title II disability insurance benefits when the period at issue expired before the date of the hearing decision." In such cases, "the Administrative Law Judge need not offer the claimant the opportunity for a hearing unless the Administrative Law Judge finds the facts that warrant it." https://www.ssa.gov/OP_Home/hallex/II-05/II-5-1-3.html) The Commissioner agreed that the court should remand for reevaluation of the medical opinions, for reconsideration of the RFC relating to the plaintiff's mental impairments and, if necessary, for the ALJ to obtain supplemental information from medical or vocational experts. Counsel stated that the Commissioner agreed that the ALJ hadn't adequately considered the record on those issues. She also argued that if the court were to remand—even without requiring a hearing—the ALJ would start with a clean slate; the plaintiff could make any argument she liked on remand.

The Commissioner argued, however, that the court should not direct the ALJ to follow Judge Duffin's orders, because the last ALJ had done so. She asserted that the last ALJ had referenced Judge Duffin's order in at least five places in his opinion, demonstrating that he had taken Judge Duffin's instructions seriously. Counsel had no objection to the court requiring the ALJ to follow Regulation 16-3p, to reassess the RFC as to the plaintiff's mental impairments or to issue a new decision; she objected to the court requiring the ALJ to follow Judge Duffin's instructions.

5

Finally, as to the process Judge Conley used in Evilsizor—remanding to the Commissioner for review and if the Appeals Council denies benefits, requiring a rehearing—the Commissioner argued that this was a "novel" procedure, and that there was no authority for the Commissioner to do this under the HALLEX.

The plaintiff argued at the hearing that if this court did not require the ALJ to comply with Judge Duffin's 2016 order, it would create a revolving door where the next ALJ could ignore Judge Duffin's instructions, and the case would come back to the district court for a third time. Plaintiff's counsel stated that he was sympathetic to the fact that counsel for the Commissioner could not offer a rehearing as part of a settlement agreement, but he reiterated that the second ALJ did not—as Judge Duffin had said the ALJ must upon remand—include in the hypothetical to the vocational expert the plaintiff's moderate mental/psychological limitations. Counsel argued that the only way to make sure that a remand would result in the third ALJ doing what Judge Duffin had said needed to be done would be for the court to order a rehearing and to order that the next ALJ follow Judge Duffin's order.

During the hearing, this court expressed concern about issuing an order requiring an ALJ to comply with the ruling of a federal district judge. The court does not presume administrative law judges to be lawless, or defiant. The Commissioner is correct that the second ALJ referenced Judge Duffin's decision in several places—at pages 1, 5, 7 and 9. Dkt. No. 8-12 at 36, 40, 42

6

Case 2:17-cv-00889-PP   Filed 06/01/20   Page 6 of 11   Document 18

and 44. The court agrees with the Commissioner that the ALJ did not "ignore" Judge Duffin's order.

A review of Judge Duffin's order, however, indicates that he found the following:

- That the first ALJ failed to adequately develop the record (given the fact that the plaintiff didn't have counsel) by, among other things, failing to inquire as to the basis for the vocational expert's conclusions despite the fact that the vocational expert relied only on the Dictionary of Occupational Titles (Dekrosh v. Colvin, 15-cv-156 at Dkt. No. 20, page 7);

- That the ALJ erred in her assessment of the plaintiff's credibility[1] by relying in part on the fact that the plaintiff did not pursue treatment during some periods, when, despite evidence indicating that financial difficulties and the mental/psychological issues themselves may have deterred her from seeking treatment, the ALJ never asked the plaintiff to explain why she'd not sought treatment during those periods (Id. at p. 13);

---

[1] The second ALJ acknowledged Judge Duffin's instruction but stated that "[t]he credibility analysis is no longer at issue pursuant to a recent Social Security Ruling." Dkt. No. 8-12 at 36. The court assumes the ALJ was referring to SSR 16-3p, effective March 28, 2016, which replaced SSR 96-7p, eliminated the use of the term "credibility" from the "sub-regulatory policy," clarified that subjective symptom evaluation is not an examination of a person's character, and required ALJs to consider all of the evidence in the record in evaluating intensity and persistence of symptoms for those who have medically determinable impairments that could produce those symptoms. https://www.ssa.gov/OP_Home/rulings/di/01/SSR2016-03-di-01.html.

7

- That the ALJ did not comply with SSR 96-2p[2] by failing to articulate the inconsistencies in Dr. Reddy's opinions that rendered them unpersuasive, by mischaracterizing the opinion by saying that Reddy found the plaintiff's symptoms controlled without medication without any support to the record and by discounting Reddy's opinion because treatment began after the date last insured (Id. at pp. 14-16);

- That the ALJ erred in her RFC assessment because she did not include all the limitations supported by the record in the hypothetical that she posed to the vocational expert (such as moderate limitations on memory, the ability to carry out detailed instructions, the ability to perform at a consistent pace without lots of long rest periods and the ability to get along with others) (Id. at pp. 17-18); and

- That the ALJ failed to adequately develop the record "by not soliciting a retrospective diagnosis from Dr. Reddy before dismissing his opinion on the basis that Dr. Reddy did not begin treating [the plaintiff] until after her date last insured and by not eliciting from the VE the basis for the VE's job numbers." (Id. at p. 18).

As to Judge Duffin's first issue—that the first ALJ did not adequately develop the record—that decision related to the fact that the plaintiff was not represented by counsel at the first hearing, and thus that the ALJ had a

---

[2] SSR 96-2p was rescinded on March 27, 2017, *after* Judge Duffin issued his order and *after* the second ALJ issued his decision. https://www.ssa.gov/OP_Home/rulings/di/01/SSR96-02-di-01.html.

heightened responsibility to develop the record and to enquire further of the VE so that the plaintiff could understand. That issue since has been resolved; the plaintiff had counsel at the second hearing and has counsel now.

As to the second issue—the credibility assessment—the Commissioner has no objection to the court requiring on remand that the ALJ comply with SSR 16-3p, and requiring the ALJ to consider all the evidence in the record in evaluating intensity and persistence of the plaintiff's symptoms, including the medical record evidence.

As to the third issue—the second ALJ's consideration of the medical opinions in the record—the Commissioner agrees that the court should remand for the next ALJ to consider all the medical evidence in the record, presumably in compliance with §404.1527 of the Code of Federal Regulations.

As to the fourth issue—the requirement that the second ALJ reassess the plaintiff's RFC by including the plaintiff's specific limitations evidence in the record in the hypotheticals posed to the VE—the Commissioner agrees.

As to the fifth issue—the ALJ's failure to obtain a retrospective diagnosis from Dr. Reddy and the failure to elicit the basis of the VE's job numbers—the Commissioner has no objection to the ALJ obtaining such supplemental evidence if it is necessary.

Given this review, the court concludes that it must require a rehearing on remand. While the ALJ can accomplish some of the things that need to be accomplished by reviewing the current record—considering all of the record evidence, for example, or re-considering (and re-weighing and explaining) the

9

Case 2:17-cv-00889-PP   Filed 06/01/20   Page 9 of 11   Document 18

medical records under §404.1527—the reassessment of the RFC requires testimony from a vocational expert. The only way for the next ALJ to present a VE with hypotheticals that account for the plaintiff's specific limitations is to have a hearing at which the ALJ can pose the hypotheticals (and possibly seek supplemental medical evidence).

The court **ORDERS** that under sentence four of 42 U.S.C. §405(g) of the Social Security Act, the Commissioner's decision is **REVERSED** and **REMANDED** for rehearing. The court **ORDERS** that on remand, the ALJ will evaluate the limiting effects of the plaintiff's symptoms following all applicable Social Security Regulations, including SSR 16-3p (requiring the ALJ to consider all the evidence in the record in evaluating intensity and persistence of the plaintiff's symptoms, including the medical record evidence). The court **ORDERS** that on remand, the ALJ will reevaluate the medical and psychological opinions of record and will comply with the requirements of §404.1527 of the Code of Federal Regulations (including explaining in the decision the bases for the weight given to each opinion). The court **ORDERS** that if the ALJ proceeds past step three of the sequential evaluation (*i.e.*, if the ALJ determines that the plaintiff's impairments do not meet or equal one of the SSA's medical listings), the ALJ will reassess the plaintiff's residual functional capacity, specifically by including the plaintiff's particular limitations in any hypotheticals posed to the vocational expert and enquiring as to the basis of the VE's job numbers. The court **ORDERS** that on remand, the ALJ will, if necessary, obtain supplemental medical evidence. The court **ORDERS** that on

remand, the ALJ shall issue a *de novo* decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit precedent.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**